UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIDEL ADAMS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>EURO STRUCTURE LLC (D/B/A EURO STRUCTURE), STRUCTURAL PRESERVATION SYSTEMS, LLC (D/B/A STRUCTURAL), STRUCTURAL GROUP, INC. (D/B/A STRUCTURAL), JOHN CRIGLER, GARRY NAUGHTON, PETER H. EMMONS, and MAREK WNOROWSKI,<br><br>Defendants. | **COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION AND FFCRA INTERFERENCE**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Fidel Adams ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through his undersigned counsel GLASS HARLOW & HOGROGIAN LLP, brings this action against Defendant Euro Structure LLC (d/b/a Euro Structure), Defendant Structural Preservation Systems, LLC (d/b/a Structural), Defendant Structural Group, Inc. (d/b/a Structural), Defendant John Crigler, Defendant Garry Naughton, Defendant Peter H. Emmons, and Defendant Marek Wnorowski (collectively "Defendants") for failing to pay him, and all other similarly situated current and former employees of the Defendants who elect to opt into this action, overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, et seq., and the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL").

**NATURE OF ACTION**

1. Plaintiff is a former employee of Defendants.

1

2. Defendants own, operate, or control three construction companies, located at 39 Utter Ave, Hawthorne, New Jersey 07506 under the name "Structural".

3. Upon information and belief, individual Defendants John Crigler, Garry Naughton, Peter H. Emmons, and Marek Wnorowski, serve or served as owners, managers, principals, or agents of Defendants Euro Structure LLC (d/b/a Euro Structure) ("Euro Structure"), Structural Preservation Systems, LLC (d/b/a Structural) ("Structural Preservation"), Structural Group, Inc. (d/b/a Structural) ("Structural Group") (collectively the "Corporate Defendants") and, through these corporate entities, operate or operated the construction corporations as joint or unified enterprises.

4. Plaintiff was employed as a construction, concrete and scaffolding worker by Defendants.

5. Plaintiff alleges on behalf of himself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sections 216(b), that they are: (i) entitled to unpaid wages from Defendants for hours worked, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C, Sections 201 *et seq*.

6. Plaintiff further brings this action for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

7. Plaintiffs seek certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq.

9. The Court has supplemental jurisdiction over Plaintiff's NYLL claims under 28 U.S.C. 1367.

10. Venue is proper in this District, in which Plaintiff resides, because Defendants conducted business in this District and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

**Plaintiff**

11. Plaintiff FIDEL ADAMS is a resident of the County of Kings, State of New York.

12. Plaintiff was an employee of Defendants within the meaning of the FLSA and NYLL.

13. Plaintiff was employed by Defendants as a construction, concrete and scaffolding worker within the States of New York and New Jersey, during the time period from on or about June 15, 2016 to on or about April 27, 2020.

**Defendants**

14. At all relevant times, Defendants owned, operated, or controlled three construction companies, located at 97-21 Pitkin Avenue, Ozone Park, New York 11417 under the name "Euro Structure" and at 39 Utter Ave, Hawthorne, New Jersey 07506 under the name "Structural".

15. Upon information and belief, Defendant Euro Structure is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 97-21 Pitkin Avenue, Ozone Park, New York 11417.

16. Upon information and belief, Defendant Structural Preservation is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 39 Utter Avenue, Hawthorne, New Jersey 07506.

17. Upon information and belief, Defendant Structural Group is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 39 Utter Avenue, Hawthorne, New Jersey 07506.

18. Upon information and belief, Defendant John Crigler is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Crigler is sued individually in his capacity as owner, officer and/or agent of the Corporate Defendants. Defendant John Crigler possesses operational control over the Corporate Defendants, an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants. He determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Upon information and belief, Defendant Garry Naughton is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Garry Naughton is sued individually in his capacity as owner, officer and/or agent of the Corporate Defendants.

20. Upon information and belief, Defendant Garry Naughton possesses operational control over the Corporate Defendants, an ownership interest in the Corporate Defendants, and

controls significant functions of the Corporate Defendants. He determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Upon information and belief, Defendant Peter H. Emmons is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Peter H. Emmons is sued individually in his capacity as owner, officer and/or agent of the Corporate Defendants. Defendant Peter H. Emmons possesses operational control over the Corporate Defendants, an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants. He determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Upon information and belief, Defendant Marek Wnorowski is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Marek Wnorowski is sued individually in his capacity as owner, officer and/or agent of the Corporate Defendants. Defendant Marek Wnorowski possesses operational control over the Corporate Defendants, an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants. He determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23. Defendants are an enterprise engaged in commerce for purposes of the Fair Labor Standards Act.

24. All actions and omissions described in this complaint were made by Defendants directly and/or through their supervisory employees and agents.

25. Defendants routinely conduct business within the State of New Jersey and the State of New York.

## DEFENDANTS' STATUS AS JOINT EMPLOYERS

26. At all times relevant to this Complaint, Defendants were joint employers, and these Defendants jointly employed Plaintiff.

27. At all times relevant to this Complaint, the Defendant Euro Structure exercised immediate control over the promulgation of work rules and conditions of employment that Plaintiff was subjected to, including rules and conditions related to the hiring, firing, and disciplining of Plaintiff, the issuance of work assignments and instructions, and the supervision of Plaintiff's day-to-day activities.

28. At all times relevant to this Complaint, the Defendant Structural Preservation exercised immediate control over the promulgation of work rules and conditions of employment that Plaintiff was subjected to, including rules and conditions related to the hiring, firing, and disciplining of Plaintiff, the issuance of work assignments and instructions, and the supervision of Plaintiff's day-to-day activities.

29. At all times relevant to this Complaint, the Defendant Structural Group exercised immediate control over the promulgation of work rules and conditions of employment that Plaintiff was subjected to, including rules and conditions related to the hiring, firing, and disciplining of Plaintiff, the issuance of work assignments and instructions, and the supervision of Plaintiff's day-to-day activities.

30. At all times relevant to this Complaint, Defendant Crigler exercised immediate control over the promulgation of work rules and conditions of employment that Plaintiff was subjected to, including rules and conditions related to the hiring, firing, and disciplining of

Plaintiff, the issuance of work assignments and instructions, and the supervision of Plaintiff's day-to-day activities.

31. At all times relevant to this Complaint, Defendant Naughton exercised immediate control over the promulgation of work rules and conditions of employment that Plaintiff was subjected to, including rules and conditions related to the hiring, firing, and disciplining of Plaintiff, the issuance of work assignments and instructions, and the supervision of Plaintiff's day-to-day activities.

32. At all times relevant to this Complaint, Defendant Emmons exercised immediate control over the promulgation of work rules and conditions of employment that Plaintiff was subjected to, including rules and conditions related to the hiring, firing, and disciplining of Plaintiff, the issuance of work assignments and instructions, and the supervision of Plaintiff's day-to-day activities.

33. At all times relevant to this Complaint, Defendant Wnorowski exercised immediate control over the promulgation of work rules and conditions of employment that Plaintiff was subjected to, including rules and conditions related to the hiring, firing, and disciplining of Plaintiff, the issuance of work assignments and instructions, and the supervision of Plaintiff's day-to-day activities.

34. At all times relevant to this Complaint, the Defendants exercised common control over supervision of Plaintiff.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings the First Claim for Relief as a collective action pursuant to Section 16(b) of the FLSA 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants in any New York and New Jersey location in any hourly pay position on or after the

date that is three (3) years before the filing of the Complaint in this case as defined herein to the entry of judgment in this case (the "Collective Action period") including employees who did not receive adequate compensation for time worked, including but not limited to hourly wage and overtime pay from Defendants, and only recently became aware of their right to such compensation and hourly wage pay ("FLSA Collective Plaintiffs").

36. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, protocols, routines, and rules willfully failing and refusing to pay them at their hourly wage for all hours worked (and at the legally required overtime wage for all overtime hours worked), requiring employees to arrive to designated work location early and attend safety discussions as well as requiring employees to stay regular work hours to complete tasks such as projects or site clean-up and breakdown. The claims of the Plaintiff named herein are essentially the same as those of the other FLSA Collective Plaintiffs.

37. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via United States Postal Service First Class Mail sent to the last addresses known to Defendants.

38. Common questions of law and fact are involved, including questions posed by Plaintiff's allegations that Defendants failed to pay compensation in violation of Section 7 of the

FLSA, 29 U.S.C. 201, *et seq.* to present and former hourly non-exempt employees of Defendants who earned but did not receive overtime pay and other compensation from Defendants.

39. Claims of the named Plaintiff are typical of the claims of the class because all class members and the named Plaintiff were affected by Defendants' conduct at all times relevant to this Complaint.

40. Defendants have acted on grounds generally applicable to the class, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole.

41. The named Plaintiff is similarly situated to the class members in terms of job responsibilities, duties, and employment dates as he is a wage and hour employee who provided services to the clients of Defendants and was denied compensation for all the time that he worked and time and one-half overtime wages by Defendants.

## RULE 23 CLASS ALLEGATIONS – NYLL

42. Plaintiff brings the Second and Third Claims for Relief under NYLL pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants in any New York and New Jersey location in any hourly pay position on or after the date that is six years before the filing of the Complaint in this case (the "NYLL Class Period").

43. All said persons, including Plaintiff, are referred to herein as the "NYLL Class." The NYLL Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The positions held and wages earned for each NYLL Class member are also determinable from Defendants' records. For purposes of

notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

44. The proposed NYLL Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the NYLL Class.

45. Plaintiff's claims are typical of those claims which could be alleged by any member of the NYLL Class, and the relief sought is typical of the relief which would be sought by each member of the NYLL Class in separate actions. All the NYLL Class members were subject to the same corporate practices of Defendants, as alleged herein, of willfully failing and refusing to pay them at their hourly wage for all hours worked (and at the legally required overtime wage for all overtime hours worked), requiring employees to arrive to designated work location early and attend safety discussions as well as requiring employees to stay regular work hours to complete tasks such as projects or site clean-up and breakdown. The claims of the Plaintiff named herein are essentially the same as those of the other NYLL Class members. Defendants' corporate-wide policies and practices affected all NYLL Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each NYLL Class member. Plaintiff and other NYLL Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

46. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the NYLL Class. Plaintiff is represented by attorneys who are experienced

and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

47. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual NYLL Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual NYLL Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the NYLL Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the NYLL Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

48. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

49. There are questions of law and fact common to the NYLL Class which predominate over any questions affecting only individual class members, including:

    a. Whether the Defendants are employers of Plaintiff and the NYLL Class members within the meaning of the New York Labor Law;

    b. Whether Plaintiff and the NYLL Class members were employees of the Defendants within the meaning of the New York Labor Law;

    c. What are and were the policies, practices, programs, procedures, protocols and plans of the Defendants regarding the compensation of NYLL Class members; and

    d. Whether the Defendants unlawfully failed to properly compensate Class members minimum wage for all hours worked in violation of the New York Labor Law.

## FACTS – FLSA, NYLL AND NJLL WAGE CLAIMS

50. During the entire time period of his employment, Plaintiff worked in a non-overtime exempt position and performed all tasks common of a construction, concrete and scaffolding worker.

51. Plaintiff's work for Defendants included:

   a. Demolition and breakdown of structural components;

   b. Parking location maintenance and repair;

   c. Roadwork and patching;

   d. Pouring of materials into designated locations;

   e. Rigging and properly attaching equipment.

52. Throughout Plaintiff's employment, he regularly worked in excess of forty (40) hours per week.

53. For weeks in which Plaintiff worked less than forty hours in a week, Plaintiff was not compensated for all hours worked.

54. Throughout the entire time period of Plaintiff's employment for Defendants, Plaintiff typically was required to work anywhere from 49-54 hours per week as follows:

   a. Monday through Friday from 7:30 a.m. to 4:30 p.m. if the job site was located within New York City;

   b. Monday through Friday from 6:30 a.m. to 4:30 p.m. if the job was located outside of New York City; and

   c. Approximately twice per week, on any given weekdays, Plaintiff would be required to continue working an addition two hours after his shift ended to complete the job and/or clean job site.

55. For all job sites, Plaintiff and others similarly situated employees would be required to arrive to the job site one half hour prior to when they began physical construction, which began at 8:00 a.m., to engage in safety discussions.

56. Plaintiff's hourly compensation throughout the course of his employment was as follows:

    a. Approximately $18.00 per hour up until February 18, 2018;

    b. $19.00 per hour from February 19, 2018 through April 2, 2018;

    c. $20.00 per hour from April 2, 2018 through June 11, 2018;

    d. $23.00 per hour from June 11, 2018 through April 8, 2019;

    e. $24.00 per hour from April 8, 2019, through January 6, 2020; and

    f. $29.50 per hour from January 6, 2020 through the date of termination on April 27, 2020.

57. Plaintiff was not compensated at an overtime rate for any hours worked in excess of forty (40) in a week.

58. However, Defendants failed to accurately track or record the number of hours actually worked by Plaintiff.

59. Defendants failed to compensate Plaintiff for any hours he was required to work prior to the start of his shift or after his shift was scheduled to end.

60. Defendants failed to compensate Plaintiff for all hours worked and failed to compensate Plaintiff at an overtime premium for any hours worked in excess of forty (40) in a week.

61. Throughout Plaintiff's employment, Defendants never provided Plaintiff with any documentation as to his hours or his rate of pay.

### Defendants' Unlawful Practices as to All Similarly Situated Employees

62. Throughout Plaintiff's employment, Plaintiff and all similarly situated employees were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §195(1); the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

63. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work in excess of 40 hours a week without paying them appropriate overtime compensation and spread of hours pay as required by federal and state laws.

64. Plaintiff and all similarly situated employees were victims of Defendants' common policy and practices which violate their rights under the FLSA and the New York Labor Law by, inter alia, not paying them the wages they were owed for the hours they worked.

65. Defendants regularly required Plaintiff and all similarly situated employees to work additional hours prior to the schedule start of their shift and after their shift was scheduled to end, but did not provide them with any additional compensation.

66. Defendants purposefully failed to comply with the recordkeeping requirements of the FLSA and NYLL to avoid having to pay Plaintiff and all similarly situated employees for all hours worked.

67. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated employees.

## FIRST CLAIM FOR RELIEF

### (FLSA CLAIMS, 29 U.S.C. §§ 201 *et seq.*, Against Defendants Brought by Plaintiff on Behalf of himself and the Class)

68. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference the allegations asserted above as if fully set forth herein.

69. Defendants are and were for all times relevant covered employers within the meaning of the FLSA.

70. At all times relevant, Defendants were engaged in commerce within the meaning of the FLSA.

71. For all times relevant, Plaintiff and the FLSA Collective Plaintiffs were covered employees within the meaning of the FLSA.

72. The FLSA requires covered employers like Defendants to pay non-exempt employees like Plaintiff and the FLSA Collective Plaintiffs one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek.

73. Plaintiff's and the FLSA Collective Plaintiffs employment does not fit within any of the exemptions to the overtime requirements of the FLSA.

74. Plaintiff and the FLSA Collective Plaintiffs regularly worked more than 40 hours per workweek for Defendants, and Defendants did not pay Plaintiff or the FLSA Collective Plaintiffs one-and-a-half times their regular hourly rate.

75. Defendants knew that Plaintiff and the FLSA Collective Plaintiffs worked overtime hours and yet did not pay Plaintiff or the FLSA Collective Plaintiffs any overtime premiums.

76. Additionally, Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs for all hours worked for those weeks in which Plaintiff and the FLSA Collective Plaintiffs worked less than forty hours in a workweek.

77. Defendants acted in bad faith and in willful violation of the FLSA with respect to Plaintiff's and the FLSA Collective Plaintiffs' wages and hours, including failing to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages.

78. As a direct and proximate result of Defendants' unlawful wage and hour practices, Plaintiff and the FLSA Collective Plaintiffs have suffered lost wages, and are therefore entitled to recover their unpaid overtime wages for the entire period of their employment, an equal amount in liquidated damages, prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (NYLL CLAIMS § 190 *et seq* Against Defendant Structural Brought by Plaintiff on Behalf of himself and the Class)

79. Plaintiff, on behalf of himself and the NYLL Collective Plaintiffs, realleges and incorporates by reference the allegations asserted above as if fully set forth herein.

80. Defendants are and were for all times relevant covered employers within the meaning of the NYLL.

81. At all times relevant, Defendants were engaged in commerce within the meaning of the NYLL.

82. For all times relevant, Plaintiff and the NYLL Collective Plaintiffs covered employee within the meaning of the NYLL.

83. The NYLL requires covered employers like Defendants to pay non-exempt employees like Plaintiff and the NYLL Collective Plaintiffs one-and-a-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

84. Plaintiff's and the NYLL Collective Plaintiffs employment does not fit within any of the exemptions to the overtime requirements of the NYLL.

85. Plaintiff and the NYLL Collective Plaintiffs regularly worked more than 40 hours per workweek for Defendants, and Defendants did not pay Plaintiff one-and-a-half times his regular hourly rate.

86. Defendants knew that Plaintiff and the NYLL Collective Plaintiffs worked overtime hours and yet did not pay Plaintiff and the NYLL Collective Plaintiffs any overtime premiums.

87. Additionally, Defendants failed to pay Plaintiff and the NYLL Collective Plaintiffs for all hours worked for those weeks in which Plaintiff and the NYLL Collective Plaintiffs worked less than forty hours in a workweek.

88. Defendants acted in bad faith and in willful violation of the NYLL with respect to the wages and hour of Plaintiff and the NYLL Collective Plaintiffs , including failing to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages.

89. As a direct and proximate result of Defendants' unlawful wage and hour practices, Plaintiff and the NYLL Collective Plaintiffs have suffered lost wages, and is therefore entitled to

recover their unpaid overtime wages for the entire period of his employment, prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF

**(Violation of the Notice and Recordkeeping Requirements of the New York Labor Law Against Defendants Brought by Plaintiff on Behalf of himself and the Class)**

90. Plaintiff, on behalf of himself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

91. Defendants failed to provide Plaintiffs with a written notice containing: the rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the names of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

92. Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff FIDEL ADAMS demands judgment against Defendants for unpaid overtime wages for the entire period of his employment, liquidated damages in an amount equal to his unpaid overtime wages, compensatory damages, punitive damages, prejudgment interest,

attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

DATED:    New York, New York
              September 29, 2020

                              GLASS HARLOW & HOGROGIAN LLP
                              30 Broad Street
                              14th Floor
                              New York, NY 10004
                              (212) 537-6859

        By:      _____
                              JORDAN F. HARLOW, ESQ.